UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                    :
D'AMICO DRY D.A.C.,                                                 :
                                                                    :
                                        Petitioner,                 :
                                                                    :
              and                                                   :          20-CV-6256 (JPC)
                                                                    :
                                                                    :          ORDER
TREMOND METALS CORPORATION,                                         :
                                                                    :
                                        Respondent.                 :
                                                                    :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Now before the Court is a motion from Petitioner d'Amico Dry D.A.C. ("d'Amico Dry")

to file a Second Amended Petition, so that it can seek confirmation not only of an arbitrator's

award ruling in its favor on the merits of a dispute, Dkt. 23 ("Motion"), Exh. 1 (the "Final Award"),

but also the arbitrator's award of costs and fees associated with that arbitration, *id.*, Exh. 2 (the

"Costs Award").  Motion at 1.  For the reasons stated below, d'Amico Dry's motion is granted.

## I.  Background

This matter stems from a dispute between d'Amico Dry and Respondent Tremond Metals

Corporation ("Tremond") arising under a Booking Note dated June 4, 2019, which governed the

carriage of a part cargo of manganese ore from Itaqui, Brazil to Tianjin, Xingang, China.  Dkt. 4

("Amended Pet.") ¶ 6; Final Award at 1.  In accordance with the Booking Note, d'Amico Dry

commenced an arbitration proceeding against Tremond, seeking demurrage at both the load port

and the discharge port.  Amended Pet. ¶ 7.  Tremond appeared at the arbitration through counsel

and brought counterclaims against d'Amico.  *Id.* ¶¶ 7, 10.  On February 24, 2020, the arbitrator

rendered the Final Award, finding in d'Amico Dry's favor.  *Id.* ¶ 11; Final Award.

On August 8, 2020, d'Amico Dry filed a Petition to confirm the Final Award, Dkt. 1 ("Initial Pet."), and three days later, on August 11, 2020, d'Amico Dry filed its Amended Petition, Amended Pet.  In the Amended Petition, d'Amico Dry represented that the arbitrator had reserved jurisdiction to assess the legal fees and costs associated with the arbitration, *id.* ¶ 11, and that "[a]n award on this point is forthcoming and will be included in an Amended Petition in due course," *id.* ¶ 13; *see also* Initial Pet. ¶¶ 11, 13.

On September 7, 2020, the arbitrator rendered the Costs Award.  *See* Costs Award. d'Amico Dry, however, did not move to amend the Amended Petition.  Instead, after the Court ordered d'Amico Dry to file any additional materials in support of its Amended Petition, *see* Dkt. 11, it filed (1) a "motion for recognition, confirmation and enforcement of final arbitration award," Dkt. 12; (2) a memorandum of law in support of its motion, which mentioned both the Final Award and Costs Award, Dkt. 13; and (3) a declaration from Matthew Plaistowe, a representative for d'Amico Dry, Dkt. 14, attached to which were both the Final Award, *id.*, Exh. 1, and the Costs Award, *id.*, Exh. 2.

On December 4, 2020, Tremond submitted an affidavit from its principal, Renato Tichauer, in opposition to the Amended Petition.  Dkt. 16, Exh. 1 ("Opposition").  Tremond made two primary arguments in opposing the Amended Petition:  First, it contended that "[t]he unreasonable decisions by the Arbitrator strongly suggest[] that the Arbitrator lacked impartiality and favored" d'Amico Dry.  *Id.* at 4.  Second, it argued that Tremond "does not have financial conditions or means to pay" and "has an impeccable name and reputation in the metal's world market," and that its owner is "personally fighting to keep it alive," which "will be impossible having a lawsuit on its head that could not be satisfied."  *Id.*

On April 8, 2021, the Court ordered d'Amico Dry to submit a letter clarifying (1) whether it sought confirmation of both awards; (2) if so, whether it intended to amend its Amended Petition; and (3) if it sought confirmation of both awards but did not intend to amend its Amended Petition, the Court's power to confirm both awards.  Dkt. 22.  d'Amico Dry filed a letter later that day, in which it moved for leave to file a Second Amended Petition requesting confirmation of both awards.  Motion at 1.  On April 15, 2021, Tremond filed a letter opposing the motion to amend. Dkt. 24.

## II.  Legal Standard

Generally, a motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading should be freely granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend," and it may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'"  *McCarthy*, 482 F.3d at 200-01 (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)).

## III.  Discussion

In opposing the motion to amend, Tremond contends that d'Amico Dry's proposed Second Amended Petition "d[oes] not correct" the procedural defect noted in the Court's April 8, 2021 Order or the "other shortcomings noted in [Tremond's] previous opposition to confirmation."  Dkt. 24 at 1.  Tremond also argues that, "if Petitioner seeks to apply for confirmation of the [C]osts [A]ward, it should file a proper petition, giving Respondent the opportunity to point out to the

3

Court how the so-called 'impartial' arbitrator was unilaterally selected by Petitioner, and the impropriety of the charges he assessed against Respondent, not to mention the fact that Tremond, a company honorably in business for many years, has all its assets pledged to its bank as a superior lender, so that there are no assets available to satisfy the remarkedly excessive costs charged to Respondent by the 'impartial' arbitrator." *Id.*

There is no compelling reason why leave to amend should be denied. It does not appear that the amendment would be futile. Although Tremond suggests that the proposed Second Amended Petition continues to be procedurally deficient, *see id.*, it does not explain why this is the case. Allowing d'Amico Dry to file its Second Amended Petition would not cause undue delay or unfair prejudice. Tremond has had ample notice and opportunity to contest the Costs Award. Initially, although d'Amico Dry did not file the Costs Award with its initial Petition or its Amended Petition—as the arbitrator had not rendered the Costs Award at the time of those filings—those filings both noted that a petition to confirm a costs award would be forthcoming, *see* Initial Pet. ¶¶ 11-13; Amended Pet. ¶¶ 11-13, putting Tremond on notice from the start of this case. Moreover, although d'Amico Dry's memorandum in support of its motion was not the model of clarity, it did reference both awards, Dkt. 13, and d'Amico Dry did file both awards with that motion, Dkt. 14, Exhs. 1, 2. Finally, Tremond was given an opportunity to, and did, file an opposition to the Amended Petition. *See* Opposition. Importantly, Tremond raised in its opposition many of the issues it now argues it should be given the opportunity to address. *Compare* Opposition at 4 (arguing that the Amended Petition should be denied because "[t]he unreasonable decisions by the Arbitrator strongly suggest[] that the Arbitrator lacked impartiality and favored" d'Amico Dry and because Tremond "does not have financial conditions or means to pay") *with* Dkt. 24 at 1 (asserting that Tremond should be given "the opportunity to point out to the Court how the so-called

'impartial' arbitrator was unilaterally selected by Petitioner[] and the impropriety of the charges

he assessed against Respondent," and that Tremond, "a company honorably in business for many

years, has . . . no assets available to satisfy the remarkably excessive costs charged to Respondent

by the 'impartial' arbitrator").

Accordingly, the Court will permit d'Amico Dry to file its Second Amended Petition. *See*

*Henry v. Murph*y, No. M-82, 2002 WL 24307, at \*2 (S.D.N.Y. Jan. 8, 2002) (permitting

amendment of a petition that referenced the incorrect arbitration agreement because "the

arbitration award annexed to the petition clearly referred to [the proper agreement] as the basis for

the award" and the respondent "already ha[d] submitted papers opposing confirmation of the

amended petition"), *aff'd*, 50 F. App'x 55 (2d Cir. 2002).  However, in order to avoid any potential

prejudice, the Court will allow Tremond to file an opposition to the Second Amended Petition to

address the Costs Award specifically and any other matters concerning the Second Amended

Petition.  Tremond need not reiterate arguments that it advanced in its previously filed Opposition,

as the Court will consider them in deciding d'Amico's Dry's request to confirm the both the Final

Award and Costs Award.  Although permitting additional briefing will result in a slight delay in

the resolution of this case, the Court concludes that this will best balance d'Amico Dry's interest

in a prompt resolution of this matter on the merits with Tremond's interest in presenting a full defense.

## IV.  Conclusion

For the reasons stated above, d'Amico Dry's motion to amend is granted.  Tremond shall file its opposition in connection with the Second Amended Petition by April 30, 2021, and d'Amico Dry may file any reply by May 7, 2021.

SO ORDERED.

Dated: April 16, 2021
      New York, New York

               JOHN P. CRONAN
            United States District Judge